UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____


JOHNSON OUTDOORS INC.
555 Main Street
Racine, WI 53403,

                      Plaintiff,

    v.                                        Case No.

SHERWOOD SCUBA LLC
1641 East Saint Andrew Plaza
Santa Ana, CA 92705

and

CRAMER-DECKER INDUSTRIES,
1641 East Saint Andrew Plaza
Santa Ana, CA 92705,

                      Defendants.

_____

## COMPLAINT

_____


      Plaintiff Johnson Outdoors Inc., by and through its undersigned counsel, for its Complaint against Defendants Sherwood Scuba LLC and Cramer-Decker Industries Inc. states the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## THE PARTIES

1. Plaintiff, Johnson Outdoors Inc. ("JO"), is a corporation organized under the laws of the state of Wisconsin and has an office and principal place of business at 555 Main Street, Racine, Wisconsin 53403.

2. Upon information and belief, Defendant Sherwood Scuba LLC ("Sherwood") is a limited liability company organized under the laws of the state of California and has an office and place of business at 1641 East Saint Andrew Plaza, Santa Ana, California 92705.

3. Upon information and belief, Defendant Cramer-Decker Industries ("Cramer") is a corporation organized under the laws of the state of California, is a supplier and/or primary distributor of products for Sherwood and owner of intellectual property associated with underwater diving equipment of Sherwood, and also has an office and place of business at 1641 East Saint Andrew Plaza, Santa Ana, California 92705 (collectively, Cramer and Sherwood are referred herein as "Defendants").

## NATURE OF ACTION

4. This is an action for trademark infringement and false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. § 1051 *et seq*.), false advertising under the Sec. 100.18, Wis. Stats., and trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), based on the Defendants' adoption and use of an "S" logo as a brand name and source indicator for various underwater diving equipment in violation of JO's established rights in an S Mark

as a registered trademark and source identifier for various underwater diving equipment.

## JURISDICTION AND VENUE

5.	This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1338(b) (pendent unfair competition claims) and 28 U.S.C. § 1332(a) (diversity of citizenship). The amount in question herein exceeds $ 75,000.

6.	Venue is proper in this District pursuant to 28 U.S.C. 1391(b) and (c).

## COUNT I

### Infringement of Federal Trademark Registration No. 855,484

7.	JO hereby realleges and incorporates by reference the allegations of paragraphs 1 through 5 of this Complaint as if fully set forth herein.

8.	JO is the owner of United States Trademark Registration No. 855,484, registered August 27, 1968, for S and design (the "S Mark" or the "'484 Registration") for various underwater diving equipment, including: water sports equipment-namely, regulators, masks, goggles, harnesses, tank assemblies, fins, snorkels, spear guns, weights, weight belts, gloves, boots, inflatable safety vests, and accessories therefore in International Class 28 and water sports equipment-namely, corrective lenses for masks, pressure gauges, watches, depth gauges,

3

compasses, and thermometers in International Class 9.  A copy of the USPTO's record of the '484 Registration is attached hereto as Exhibit A.

9. This '484 Registration is now valid, subsisting, uncancelled and unrevoked.

10. The '484 Registration is incontestable under 15 U.S.C. § 1065.

11. Continuously since approximately 1962, JO or its predecessors in interest have used the S Mark in connection with and to identify its underwater diving equipment and to distinguish said products from similar products offered by other companies, by, and without limitation, prominently displaying said mark on underwater diving equipment and advertising and promotional materials distributed throughout the United States. As a result, the S Mark has become widely and favorably known, a valuable asset of JO and symbol of its goodwill, and has acquired distinctiveness as a source indicator in commerce.  JO sells products under the S Mark and brand name in the State of Wisconsin and nationwide.

12. Defendants have infringed JO's Mark in interstate commerce by various acts, including, without limitation, the selling, offering for sale, promotion, and advertising of underwater diving equipment under an S logo (the "Accused S Logo") that is strikingly similar in sight, sound, and/or commercial impression to JO's S Mark.  Upon information and belief, Defendants sell underwater diving equipment bearing the Accused S Logo nationwide, including in the state of Wisconsin.

13. Defendants' use of the Accused S Logo in connection with underwater diving equipment is without permission or authority of the JO and said use is likely to cause confusion, to cause mistake and/or to deceive.

14. Defendants' use of the Accused S Logo in connection with underwater diving equipment have been made notwithstanding JO's well-known and prior established rights in the S Mark and with both actual and constructive notice of JO's federal registration rights under 15 U.S.C. § 1072.

15. Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to JO's business, reputation and good will in its federally-registered S Mark. JO has no adequate remedy at law.

## COUNT II

### False Designation of Origin Under 15 U.S.C. § 1125(A)

16. JO hereby realleges and incorporates by reference the allegations of paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. Upon information and belief, Defendants have used the designation of the Accused S Logo in connection with underwater diving in interstate commerce. Said use of the Accused S Logo is a false designation of origin, or a false or misleading description and representation of fact, which is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with JO, or to deceive as to the origin, sponsorship, or approval of Defendants' products and commercial activities by JO.

5

18. Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to JO's business, reputation and good will in its S Mark. JO has no adequate remedy at law.

## COUNT III

### Violation of 15 U.S.C. § 1125(C) Federal Dilution

19. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 18.

20. JO's S Mark is distinctive and famous according to a number of factors, including, but not limited to, the degree of distinctiveness of the mark; the duration and extent of use of the mark in connection with Plaintiff's underwater diving equipment; the degree of recognition of the S Mark in the trading areas and channels of trade of JO and Defendants; the nature and extent of use of the same or similar marks by third parties; and the existence of the incontestable '484 Registration on the Principal Register.

21. Defendants' commercial use in commerce of the Accused S Mark after JO's S Mark has become famous has caused dilution of the distinctive quality of the S Mark, and infringes JO's rights to its famous S Mark, in violation of 15 U.S.C. § 1125(c)(1).

22. Upon information and belief, Defendants adopted and are displaying the Accused S Logo with full knowledge of JO's rights to its famous S Mark and with the willful intention to trade on Plaintiff's JO's reputation as embodied in its

mark or to cause dilution of such mark. Thus, Defendants have willfully violated JO's rights under 15 U.S.C. Section 1125(c)(2).

## COUNT IV

## False Advertising

23. JO realleges and incorporates by reference the allegations of paragraphs 1-22 of this Complaint as if fully set forth herein.

24. Defendants' activities as stated herein constitute false advertising under Wis. Stat. § 100.18 in violation of Wisconsin law.

25. By reason of Defendants' actions as above alleged, JO has suffered and will continue to suffer damages and injury to its business and reputation and the goodwill and value associated with its protected S Mark. As a result of these violations, JO has suffered and will continue to suffer damages in an amount to be determined at trial.

26. Upon information and belief, Defendants' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury to JO's business and reputation and the good will associated with its S Mark. JO has no adequate remedy at law.

## REQUESTED RELIEF

Wherefore, JO prays that this Court enter judgment in its favor against Defendants, jointly and severally, as follows:

1. Pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116) and the equitable power of this Court to enforce the common law of the State of

Wisconsin, that a preliminary and permanent injunction issue restraining Defendants, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using their Accused S Logo and/or any other similar mark or other monogram mark incorporating the letter S in connection with the offering of underwater diving equipment, from infringing U.S. Trademark Registration No. 855,484, from unfairly competing with JO, from engaging in unfair and deceptive trade practices, and from injuring JO's business reputation and diluting its trademark rights.

    2.    That Defendants be required to account to JO for Defendants' profits and the actual damages suffered by JO as a result of Defendants' acts or infringement, false designation of origin, unfair competition, and unfair and deceptive trade practices, together with interest, and that JO's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and common law of the State of Wisconsin.

    3.    That Defendants be ordered to surrender for destruction all nameplates, labels, advertisements, and other materials incorporating or reproducing the Accused S Logo, pursuant to Section 36 of the Lanham Act (15 U.S.C. § 1118) and the equitable power of this Court to enforce the common law of the State of Wisconsin

    4.    That Defendants be compelled to pay JO's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117) and Wisconsin Statute Section 100.18(11)(b).

5. That Defendants be directed to file with this court and serve of JO within thirty (30) days after the service of an injunction, a written report under oath setting forth in detail the manner and form in which the Defendants have complied with injunction relief granted by this Court.

6. For such other and further relief as may be just and equitable.

## JURY DEMAND

JO requests a trial by jury on all issues so triable.

Dated this 30th day of August, 2005.

        BY s/ David G. Hanson
David G. Hanson
WI State Bar ID No. 1019486
Paul J. Stockhausen
WI State Bar ID No. 1034225
Attorneys for Plaintiff
Johnson Outdoors Inc.
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202-3186
414-298-1000
dhanson@reinhartlaw.com

MW\1229926

Of Counsel:
Andrew J. Heinisch
Reinhart Boerner Van Deuren s.c.
483 N. Mulford Road, Suite 7
Rockford, IL 61107
Telephone (815) 484-1900
Facsimile (815) 484-1032

9

Case 2:05-cv-00929-RTR    Filed 08/30/05    Page 9 of 9    Document 1